38049, 38061. OGLETHORPE PARK, INC. *v.* MAYOR &c. OF SAVANNAH; and *vice versa.*

DECIDED MARCH 18, 1960.

298

*Lewis, Wylly & Javetz, John C. Wylly,* for plaintiff in error.
*Oliver, Davis & Maner, Edwin Maner, Jr.,* contra.

FELTON, Chief Judge. ■ The court did not err in overruling the motion to dismiss the action. The petition alleged full compliance with the contract by the plaintiff and does not show on

its face that the obligation to construct a temporary sewage disposal system was the obligation of the plaintiff.

■ The court did not err in sustaining the demurrer to the defendant's plea of accord and satisfaction. The amended plea shows that that part of the defendant's obligation which was purportedly or otherwise paid in full was the obligation to pay for that part of the sewage and water system which was constructed within the subdivision. The correspondence between the two parties, resulting in the payment alleged to be in full, did not mention or involve the $8,700 sued for, covering the 87 house connections to the sewage plant. For this reason *Rivers v. Cole Corporation,* 209 *Ga.* 406 (73 S. E. 2d 196) does not apply.

■ The court erred in overruling the general demurrer to the answer and those special demurrers directed at failure of the defendant to allege why and how the contract alleged by the plaintiff placed the obligation upon the plaintiff to build and pay for the temporary disposal system. The contract alleged is on its face unambiguous and nothing is alleged in the answer which would raise the question as to whether it was in fact ambiguous. The trial court based his ruling on the idea of an ambiguity in the contract and the failure of the plaintiff to perform its contract within a reasonable time. The court would have been correct in his ruling in these respects if the answer had contained any allegations to support the conclusions. If there was a latent ambiguity in the contract and the contract properly construed placed the duty of providing temporary sewage disposal facilities on the plaintiff the defendant could set up such a defense. Or, if the defendant was forced to provide temporary disposal facilities because the plaintiff did not perform its duties and obligations in the time provided, which in this case would be a reasonable time, since no time was stated in the contract, this fact could be pleaded as a defense. However, the answer contained no allegations to support the court's ruling and the court erred in overruling the general demurrer to the defendant's answer and the motion to dismiss the answer and erred in overruling the special demurrer to the answer which attacked the failure of the answer to allege how and why it was the obligation of the plaintiff to provide a temporary disposal system. The court

300

deems it unnecessary to rule on the other exceptions to the rulings on special demurrers to the answer. If any of the questions arise by reason of future developments in the case no ruling not passed on shall be binding on the parties but shall remain open for adjudication.

The court did not err in overruling the motion to dismiss the petition. The court did not err in dismissing the plea of accord and satisfaction. The court erred in overruling the general and certain special demurrers to the answer and in overruling the motion to dismiss the answer.

*Judgments on the main bill affirmed. Judgment on the cross-bill reversed. Nichols and Bell, JJ., concur.*