47001. MASON GIN & FERTILIZER COMPANY, INC. et al. v. PIEDMONT ACID DELINTING, INC.

QUILLIAN, Judge. The plaintiff, Piedmont Acid Delinting, Inc., filed a claim against Mason Gin & Fertilizer Company, Inc., hereinafter referred to as Mason, and Wayman Bryan, defendants, seeking damages for the destruction by fire of certain cotton seed on premises of Mason's Cotton Gin. Answers were filed which set up the defense of accord and satisfaction.

The defendants made a motion for summary judgment which was overruled. From this ruling an appeal was taken. *Held:*

The plaintiff mailed a letter together with a check to defendant, Mason. Thereafter, Mason cashed the check. The

defendants contend that the letter together with the check which Mason cashed constituted an accord and satisfaction of the tort claim. With this contention we cannot agree. The letter read as follows: "Mr. C. L. Mason, Mason Gin & Fertilizer Company, West Washington Street, Madison, Georgia 30650. Dear Mr. Mason: We are delighted to enclose your settlement in the amount of $5,098.06 based on your gin fee of $78.67 per ton for 199.53 tons of seed destroyed in the fire of October 5, 1970. We have deducted as follows: 1. Amount owed by Mason Gin Company to Smith Seed & Gin—$6,987.26. We have forwarded Smith Seed & Gin a Piedmont Acid Delinting, Inc., a check for this amount. I believe Bobby Smith sent you invoices and the necessary supporting documents to cover this. Bobby stated that if you needed any other information, he would send it. Simply give him a call in Winder at 404-867-3181. 2. Amount owed by Mason Gin Company to Pennington Grain & Seed, Inc., for purchases to date—$1,111.71. You have copies of these invoices. 3. One-half the attorney's fee and expenses for collecting this from Lloyds of New York, the insurance company—$2,500.00. The attorney's fees and expenses for collecting this from the insurance company was $5,000.00. We feel this is a very reasonable fee as in most cases such as this the attorney's fee is at least 33⅓%. Jim Carter understood the situation and gave us special consideration in determining his fee. I am sure you know that he and I spent many hours in preparing the necessary documents in order to substantiate our claim. We have computed one-half of this fee and have deducted it from the settlement. For your records, I am enclosing photo copies of each of the checks issued to cover the aforementioned deductions. We are glad to have been able to handle this for you. If you have any questions, do not hesitate to give me a call. Very truly yours, Piedmont Acid Delinting, Inc. /s/ Brooks /t/ Brooks Pennington, Vice President."

The plaintiff argues that the check it sent Mason was in

payment of ginning fees due Mason and had no connection with the present tort claim. Assuming, but not deciding, that the evidence would have been sufficient to authorize a jury to determine that there had been an accord and satisfaction, such a finding was not demanded. "An accord and satisfaction is itself a contract and requires a meeting of the minds in order to render it valid and binding." *Pennsylvania Threshermen &c. Cas. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83). See *American Associated Companies v. Vaughan,* 213 Ga. 119 (97 SE2d 144).

The overruling of the motion for summary judgment was not error.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
ARGUED MARCH 2, 1972—DECIDED MAY 15, 1972.

*Dickens & Hall, G. L. Dickens, Jr.,* for appellants.
*Lambert & Carter, Roy Lambert, Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellee.