27234. SEABOARD COAST LINE RAILROAD COMPANY v. THOMAS.

ARGUED JUNE 12, 1972—DECIDED JUNE 28, 1972.

Bennett, Pedrick & Bennett, Larry E. Pedrick, Wilson G. Pedrick, for appellant.

Leon A. Wilson, II, Benjamin Smith, Memory & Thomas, for appellee.

NICHOLS, Justice. In *Atlantic C. L. R. Co. v. McDonald,* 103 Ga. App. 328, 331 (119 SE2d 356), a decision in which the whole court (seven judges at that time) participated, it was held that the failure to give a charge without request similar to the one here requested was not error and that "It would not have been proper for the trial judge to have charged without qualification that a duty devolved upon the plaintiff of exercising ordinary care. *Plaspohl v. Atlantic Coast Line R. Co.,* 87 Ga. App. 506, 508 (2) (74 SE2d 491)." While dissents were filed upon other grounds, the decision of the Court of Appeals was unanimous upon this point.

It is well settled that an injured employee of a railroad who comes within the provisions of the Federal Employers' Liability Act is not barred from recovery because of his own negligence except where such negligence is the sole proximate cause of his injury.

"A request to charge must be correct and even perfect; otherwise a refusal to give it is not error. *Lewis v. State,* 196 Ga. 755 (27 SE2d 659); *Gordy v. Dunwody,* 210 Ga. 810 (83 SE2d 7)." *Downs v. Powell,* 215 Ga. 62 (3) (108 SE2d 715). "'A request to charge the jury must be legal, apt and precisely adjusted to some principle involved in the case, and be authorized by the evidence.' *Spain v. Spain,* 203 Ga. 411 (2) (47 SE2d 279)." *Reynolds v. Reynolds,* 217 Ga. 234, 269 (123 SE2d 115).

The requested charge in the present case while stating a general principle of law correctly was not adjusted to the principle of law involved in the case. The requested charge without explanation is subject to the same objections as

those in *Atlantic C. L. R. Co. v. McDonald,* supra, and *Plaspohl v. Atlantic C. L. R. Co.,* supra.

The refusal of the trial court to give the requested instruction was not error, and the Court of Appeals did not err in affirming such judgment.

*Judgment affirmed. All the Justices concur, except Jordan, J., disqualified.*