## 30652. KESSEL v. THE STATE.

UNDERCOFLER, Presiding Justice.

Emory W. Kessel was convicted of the November 30, 1974, murder of Bill Sidney Simpson and sentenced to life imprisonment.

1. The trial court did not err in failing to charge the jury without request on the law of voluntary and involuntary manslaughter. The defense was based solely on accident. The defendant testified that he used a tactic that he had learned in the army, that he attempted to go up under the victim's arm to drive it upward and bring the

weapon down, and that it accidentally discharged. This evidence did not raise an issue of voluntary or involuntary manslaughter. *Meadows v. State,* 230 Ga. 471 (3) (197 SE2d 698) (1973); *Sirmans v. State,* 229 Ga. 743 (2, 3) (194 SE2d 476) (1972). The ruling in *State v. Stonaker,* 236 Ga. 1 (1976) which holds that a trial judge is not required to charge on a lesser crime of that included in the indictment or accusation without a request will be applied prospectively only.

2. The court did not err in refusing to charge the jury: "I charge you that, if as a matter of fact, you find that the force the defendant used against the deceased was necessary to prevent death or great bodily harm to the defendant, then the defendant was justified in using such force and you must return a verdict of not guilty," and, "I charge you that, if as a matter of fact, you find that the defendant believed the deceased intended to kill him or do him great bodily harm and the defendant's belief was reasonable, then the defendant was justified in using such force against the deceased to the extent that he believed such force was necessary to defend himself, and you must return a verdict of not guilty."

"A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial." *Lewis v. State,* 196 Ga. 755, 760 (3) (27 SE2d 659) (1943). " 'A request to charge the jury must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence.' *Spain v. Spain,* 203 Ga. 411 (2) (47 SE2d 279)." *Reynolds v. Reynolds,* 217 Ga. 234, 269 (123 SE2d 115) (1961); *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898) (1972).

The requested charges of the appellant were incomplete. Code Ann. § 26-902 (a, b) (Acts 1968, pp. 1249, 1272).

3. The evidence of the state showed that the appellant's wife was present when the appellant threatened to kill Simpson. In his testimony the appellant testified that his wife was present and that no threats were made. On cross examination the appellant was asked why he did not call his wife as a witness to verify his testimony. Counsel for the appellant stated: "He's asking

for an opinion of the witness he is not qualified to give, Your Honor. The Court: What opinion is that? Counsel: He's asking for the opinion as to who he should call as witnesses. The Court: No, no, he just asked him why if his wife were here if he couldn't call her to testify."

The appellant contends that if the trial court understood the question to be as delineated above, it should have instructed the state's counsel on improper argument, with or without objection, since the question called for an answer based on law and left an inference with the jury that the appellant had control over whether his wife testified.

There is no merit in this contention. "The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been an abuse of that discretion. No such abuse is disclosed by this record." *Crowder v. State,* 233 Ga. 789 (6) (213 SE2d 620) (1975).

4. The court did not err in instructing the jury that, "The law presumes, ladies and gentlemen, that every homicide is malicious until the contrary appears from circumstances of alleviation, excuse or justification, and it is incumbent upon the defendant to make out such circumstances to your satisfaction unless they appear from the evidence produced against him by the state."

The appellant contends that this charge was error because there was no presumption of malice since evidence was introduced to show mitigation or justification. The charge of the trial court was not error. It was for the jury to decide from the evidence introduced whether the presumption of malice was overcome by any circumstances of alleviation, excuse or justification. *Nunnally v. State,* 235 Ga. 693 (4) (221 SE2d 547) (1975); *Hewell v. State,* 232 Ga. 175 (205 SE2d 216) (1974).

5. The trial court charged the jury: "The law says that a person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears that there was no criminal scheme or undertaking or intention or criminal neglect." The appellant requested the court to charge that a preponderance of evidence is all that is required to prove accident.

The trial court did not err in failing to give the requested charge. *Hewell v. State,* supra.

6. The state did not err in not introducing in evidence the pistol which the deceased carried on the night of the homicide. The appellant contends that the pistol would have added to his credibility. The defendant testified that the pistol had been discarded by the deceased before the homicide occurred.

7. The evidence is sufficient to support the verdict. The motions for new trial and directed verdict were properly overruled. *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975).

The trial court did not err in allowing the jury to disperse during the trial under appropriate instructions. The state did not seek the death penalty in this case. *Brinks v. State,* 232 Ga. 13 (7) (205 SE2d 247) (1974); *Jordan v. State,* 235 Ga. 732 (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 29, 1975 — DECIDED FEBRUARY 25, 1976.

*E. Earl Seals,* for appellant.

*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.