## 54617. CITIZENS & SOUTHERN BANK OF CLAYTON COUNTY v. BAILEY.

BIRDSONG, Judge.

Appellant, the Citizens & Southern Bank of Clayton County (C & S), brings this appeal from a jury verdict and monetary judgment rendered against it in favor of Bailey in the amount of $29,400.

The facts show that Bailey obtained an option to purchase a tract of real estate for $45,000. He also obtained a contract to sell the same real estate to another for the price of $90,000. Armed with the option and the contract of resale, Bailey approached C & S for the loan of

$45,000 to enable him to exercise the option and purchase the property. After some negotiation, the vice-president of C & S agreed to make the loan. Bailey inquired if he could notify the optionors that he had the money and would close the deal. The bank informed Bailey that he should do nothing but that C & S would take care of all the necessary paper work. Bailey asked that a particular attorney handle this paper work but upon the insistence of the bank that another attorney handle it, Bailey acquiesced in using the bank's selected attorney. Though there was a dispute as to who maintained possession of the option and resale contract, the jury was warranted in believing that C & S took possession of the documents for the purpose of having its attorney complete the loan. Shortly before the term of the option expired, Bailey called the office of the attorney handling the papers to inquire about progress and was assured that the paper work was being handled expeditiously. In fact, the attorneys preparing the documents did nothing to prepare the necessary papers for Bailey to exercise the option. As a result, the option expired and the optionors refused to sell the property to Bailey at the option price, thereby denying him the ability to resell the property with the anticipated profit. Bailey brought this suit upon the breach of the oral contract with C & S for its failure to prepare the necessary documents to allow Bailey to exercise the option, purchase the property, and resell it at the anticipated profit. As a result of the jury verdict and judgment for Bailey, C & S brings this appeal enumerating six alleged errors. *Held:*

1. Throughout the trial C & S maintained the legal position that Bailey had sought to have either the bank or the bank's attorney exercise the option on behalf of Bailey. Its contention therefore has been that the oral contract violated the Statute of Frauds (Code Ann. § 20-401(4)) and the rule of equal dignity (Code Ann. § 4-105). An examination of the pleadings together with the evidence adduced by Bailey when considered with Bailey's arguments shows clearly, however, that Bailey sued on the theory that the bank's liability, if any, was predicated upon the bank's failure to prepare the necessary documents for Bailey to sign within the requisite time. The jury was clearly and correctly

instructed upon the theory of negligence based upon the bank's undertaking to prepare all necessary documents for the closing of the loan (including the exercise of the option) and subsequent failure to take those steps necessary to ensure that Bailey exercised the option within the time allowed as well as the theory that Bailey was negligent in not exercising the option himself. The court finally charged fully upon the theory of comparative negligence. The jury's determination as to liability is supported by the evidence.

2. Considering the theory relied upon by the plaintiff, the trial court did not err in refusing to charge upon the theory of Statute of Frauds or the rule of equal dignity. A request to charge the jury must be legal, apt, and precisely adjusted to some principle or issue involved in the case, and authorized by the evidence. *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811); *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898); *Reynolds v. Reynolds,* 217 Ga. 234, 269 (123 SE2d 115). Similarly, the trial court did not err in denying appellant's motion for directed verdict where it was based upon inapplicable legal theories. As enumerations of error 1, 2, 3, 5, and 6 are all predicated upon the misplaced theories of the case assumed by the bank, we find no merit in any of those enumerations.

3. In enumeration of error 4, appellant complains that the trial court erred in allowing certain hearsay evidence into the case and thereafter basing a ruling on that evidence. Appellant sought to introduce evidence to establish the recent sale price of the optioned property by the optionor's predecessor in title to the optionors. Outside the presence of the jury, the trial court heard evidence surrounding the circumstances of the sale, most of which was hearsay. Based upon this evidence, the court refused to allow appellant to introduce evidence of the amount of the sale. The witness testifying was testifying as an expert to establish value. In order to qualify the opinion of an expert as to a sale of property utilizing a test of comparables, it is necessary that the sales in question be arm's length sales. The testimony was admitted and considered not for the truth of the evidence but to show whether or not the sellers acted under economic coercion.

In this case the witness showed clearly that he was aware of facts that tended to show that the sale was economically coerced. This would not qualify the sale as an arm's length sale. Therefore, the trial court did not err in refusing to allow the testimony of the prior sale. *Dept. of Transportation v. El Carlo Motel,* 140 Ga. App. 779, 781 (232 SE2d 126). See *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (1) (76 SE 387); *Dickens v. Adams,* 137 Ga. App. 564, 566 (224 SE2d 468). Further, the fact that the trial court considered hearsay sources in order to qualify the testimony of the expert was not error. See *City of Atlanta v. McLucas,* 125 Ga. App. 349 (2) (187 SE2d 560). This enumeration is likewise without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 23, 1978 — 

*Alston, Miller & Gaines, James S. Stokes, IV,* for appellant.

*Albert B. Wallace,* for appellee.