## 56905. CLARK EQUIPMENT CREDIT CORPORATION v. REFRIGERATED TRANSPORT COMPANY, INC.

WEBB, Judge.

Clark appeals from the order granting summary judgment to Refrigerated Transport Co. (hereinafter RTC) on its defense of accord and satisfaction to Clark's suit seeking recovery for unpaid rentals. We find there were genuine issues of material fact making this a jury question, and accordingly must reverse.

During 1971-1975 RTC leased certain equipment from Clark pursuant to three leases under which payments were to be made to Clark. These payments were processed by Clark's employees at an Atlanta office until January, 1973, when Clark initiated a procedure for collection of long term rental billings through a bank lock box at a P. O. box number. After July 1973, all RTC payments on long term rental accounts were processed by bank personnel by means of various electronic letter handling and encoding devices designed to minimize mailing days for check collections. This procedure allowed checks to be negotiated for deposit and collection without being reviewed by the named payee.

As early as 1973, various problems and disputes arose between the parties concerning responsibility for service and maintenance of the equipment supplied under the leases, culminating in a meeting called by RTC on January 7, 1975, at which Clark was informed that either the equipment must be kept in good operational order or RTC would be forced to obtain it elsewhere. On January 14, Clark delivered a letter to RTC demanding immediate payment of past due rentals totaling in excess of $11,000 according to its records, and on January 16 the rental equipment was repossessed. Following repossession of the

equipment RTC forwarded two checks to the bank lock box address. The first of these checks, dated January 21, paid one of a series of eight long term rental invoices which were past due as of that date. The second, check No. 004519, is the purported accord and satisfaction forming the basis for the order appealed.

Check No. 004519 is made payable to Clark in the amount of $2,471.84. Imprinted on its face in capital letters is "See Reverse." The reverse bears the following language: "Endorsement by the named payee constitutes a full accord and satisfaction of all debt alleged to be owing between [RTC] and [Clark] as of February 12, 1975, pursuant to invoice No. 13185501-2 and all related documents and all sums alleged to be owing by [RTC] to [Clark] as of February 12, 1975." Pursuant to RTC's normal practice, this check was accompanied by a check stub which contained the following notation: "2-12-75 Inv. No. 13185501 16/31 to reflect pickup of equipment on 1-16-75."

The invoice number referred to on the check and check stub was the regular monthly invoice for January 1975 equipment rentals.[1] Because it was handled by the bank lock box procedure, bank personnel merely photocopied the face of the check and sent the photocopy to Clark, together with the check stub marked "16/31" and a listing of payments received by the bank through the lock box the same day. RTC did not attempt to advise Clark by letter or telephone of the language on the reverse of check No. 004519, or to explain that it was being sent as full or partial payment of any sums due. Although the proceeds were initially credited on one of RTC's past due rental accounts by Clark's employees, further investigation revealed that the amount of the check was precisely 16/31 of the amount billed for January rentals on invoice No. 13185501, $4,789.20. As a result the proceeds were then

---

[1]Invoice No. 13185502, also referred to on the back of check No. 004519, was one of several invoices forwarded to RTC by mistake after repossession of the equipment. Four other invoices were also sent by mistake but were not listed on the check or the check stub.

credited as payment on January rentals only.

This evidence is insufficient to establish as a matter of law the defense of accord and satisfaction, which is an affirmative defense under the Civil Practice Act (Code Ann. § 81A-108 (c)). The burden of proof lies with the party relying on the doctrine, *McCullough v. Mobiland, Inc.*, 139 Ga. App. 260 (1) (228 SE2d 146) (1976), "which involves, among other things, an express agreement or some new consideration to [Clark]. See Code Ann. §§ 20-1201, 20-1203." *Wood v. Wood*, 239 Ga. 120, 121 (4) (236 SE2d 68) (1977). "The execution of a new agreement will itself amount to a satisfaction only where expressly so agreed by the parties. Code § 20-1201. To render it binding there must be a meeting of the minds as to the subject matter embraced. *Mason Gin &c. Co. v. Piedmont Acid Delinting, Inc.*, 126 Ga. App. 298 (190 SE2d 604). In *Scott v. Imperial Hotel Co.*, 75 Ga. App. 91 (2) (42 SE2d 179) a check 'in final settlement of every claim' was held subject to oral testimony as to the understanding of the parties concerning the meaning of 'every claim,' so as to make the defense of accord and satisfaction a jury question. Where there is no agreement to settle all disputes arising from the contract a satisfaction does not result, although money is demanded and received. *Huger v. Cunningham*, 126 Ga. 684 (6) (56 SE 64); *Oglethorpe Park v. Mayor &c. of Savannah*, 101 Ga. App. 295 (2) (113 SE2d 645)." *Pierson v. Herrington*, 138 Ga. App. 463 (2) (226 SE2d 299) (1976).

RTC itself specified the manner in which any acceptance of the offer of accord must be made: "Endorsement by the named payee. . .", Clark. The only endorsement on the check is that of the bank, and the bank was never authorized to act on Clark's behalf as a settlement agent. In fact, the bank had been formally instructed to reject any checks marked "payment in full" or words to that effect. There could be no meeting of the minds here because endorsement by the named payee, a condition essential to the making of the contract, was not fulfilled, and "[a]n agent to collect can not accept less than the full amount of his principal's claim without authority from the principal. [Cits.]" *Darden v. Federal Reserve Bank of Atlanta*, 48 Ga. App. 685, 686 (1) (173 SE 227)

(1934). "Mere authority given an agent to indorse a check for deposit does not effect an accord and satisfaction based upon the receipt of a check for an amount less than that due where the agent does not have knowledge of any controversy as to the amount of the indebtedness or authority to adjust any such controversy." 1 AmJur2d 306, Accord and Satisfaction, § 8 (1962). See Standard Rice Co. v. Landers, 284 SW 760 (Ark. 1926), where a depositor was held not bound by settlement language on a check endorsed and deposited by a bank cashier. *Mullinax v. Shaw,* 143 Ga. App. 657 (239 SE2d 547) (1977) and other cases cited by RTC involved checks which were endorsed by the named payees, and are therefore inapposite.

Nor do we agree with RTC's argument, unsupported by authority, that Clark ratified the endorsement by failing to return the amount of check No. 004519. A creditor's acceptance and retention of the exact amount due will not be deemed to ratify an unauthorized act of the creditor's agent in collecting that amount. *Baldwin Fertilizer Co. v. Thompson & McAlister,* 106 Ga. 480 (2) (32 SE 591) (1899); 1 AmJur2d, supra, § 25. While Clark contended that RTC was in arrears on past due rentals, RTC in a letter of January 15 denied that previous billings were past due. If in fact all past due rentals had been paid, then the 16/31 reference on the check would be accurate because the amounts due as of that date would have been rentals from the first of January through the repossession of the equipment on January 16. Thus an issue of fact is presented as to whether there was a "distinct understanding" that this payment was to be received in full payment of the debt. *Prater v. American Protection Ins. Co.,* 145 Ga. App. 853 (2) (244 SE2d 925) (1978) and cits.

Given these ambiguities and the settled rule that the record evidence must be construed in favor of the party opposing the motion in determining whether summary judgment should be granted, the trial court erred in refusing to construe the numerous contradictory inferences and inconsistencies in RTC's affidavits in favor of Clark. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971); *Chandler v. Gately,* 119 Ga. App. 513, 522 (2) (167 SE2d 697) (1969). Accordingly, the judgment

must be reversed and the cause remanded for a trial on the merits.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED NOVEMBER 20, 1978 — REHEARING DENIED DECEMBER 7, 1978 —

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Susan A. Cahoon, Edmund M. Kneisel,* for appellant.

*Louis C. Parker, III, Serby & Mitchell, David I. Funk,* for appellee.