### 56815. FOWLER et al. v. GORRELL.

WEBB, Judge.

Raymond B. Gorrell, d/b/a Gorrell Contracting Company, filed a complaint for damages arising from the alleged breach of a construction contract. In Count 1 Gorrell alleged that Don and Jerry Fowler had negotiated with him for construction of a building for a total price of $113,672.80; that he performed extra work at the Fowlers' request on a cost plus 21 per cent basis, which resulted in a total claim of $173,251.73; and that the Fowlers terminated his employment leaving a balance owing of $70,251.73, which sum he sought in damages for the breach of contract together with a lien of $28,000 on the property and other special and punitive damages. The second count sought the same damages on a quantum

meruit basis. By amendment the total claim was changed to $85,689.89. All allegations were denied by the Fowlers. After a six-day trial the jury returned a verdict for $28,000 in Gorrell's favor on the contract and judgment was entered in that amount plus $5,880 interest. The Fowlers' motions for new trial and for judgment notwithstanding the verdict were denied and this appeal ensued. We reverse.

1. (a) The Fowlers insist that the trial court erred in refusing to grant their motion for j.n.o.v., particularly on the ground that the undisputed evidence showed that Gorrell endorsed and cashed a check which established an account stated of $9,299.67, and operated as an accord and satisfaction as to the remainder of the claim.

To the contrary, however, the evidence was in dispute. The Fowlers testified that according to their records they owed Gorrell $9,299.67; that every time they paid him, they wrote the balance on the check; that Gorrell accepted and cashed these checks; and that Gorrell never contended he was owed more before he filed the lien. Gorrell acknowledged that he had seen the check prior to trial and that the date, the check number and the amount on the exhibit were the same as that on the document he had inspected prior to trial. While the check bore the notation "Bldg. Acct. Bal. $9,299.67," Gorrell swore that he did not "remember that being on it." The check was dated August 31, 1973, but Gorrell testified that he was on the job practically all the time from July 1 until October 4, 1973, and the fact that work was performed in September and October was unrefuted.

This evidence, while raising the issue, is insufficient to establish as a matter of law the defense of accord and satisfaction, which is an affirmative defense under the Civil Practice Act (Code Ann. § 81A-108 (c)). The burden of proof lies with the party relying on the doctrine, *McCullough v. Mobiland, Inc.,* 139 Ga. App. 260 (1) (228 SE2d 146) (1976), "which involves, among other things, an express agreement or some new consideration to [Gorrell]. See Code Ann. §§ 20-1201, 20-1203." *Wood v. Wood,* 239 Ga. 120, 121 (4) (236 SE2d 68) (1977). "The execution of a new agreement will itself amount to a satisfaction only where expressly so agreed by the parties.

Code § 20-1201. To render it binding there must be a meeting of the minds as to the subject matter embraced. *Mason Gin &c. Co. v. Piedmont Acid Delinting, Inc.,* 126 Ga. App. 298 (190 SE2d 604). In *Scott v. Imperial Hotel Co.,* 75 Ga. App. 91 (2) (42 SE2d 179) a check 'in final settlement of every claim' was held subject to oral testimony as to the understanding of the parties concerning the meaning of 'every claim,' so as to make the defense of accord and satisfaction a jury question. Where there is no agreement to settle all disputes arising from the contract a satisfaction does not result, although money is demanded and received. *Huger v. Cunningham,* 126 Ga. 684 (6) (56 SE 64); *Oglethorpe Park v. Mayor &c. of Savannah,* 101 Ga. App. 295 (2) (113 SE2d 645)." *Pierson v. Herrington,* 138 Ga. App. 463 (2) (226 SE2d 299) (1976).

Since the evidence as to accord and satisfaction was conflicting, the motion for judgment notwithstanding the verdict was properly denied. *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69, 72 (2) (234 SE2d 807) (1977).

(b) The evidence does not present a defense of account stated. As defined by the Fowlers, " 'An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment.' [Cits.]" *Stone v. First National Bank of Atlanta,* 117 Ga. App. 802 (1) (162 SE2d 217) (1968). An account stated generally arises where the debtor has an open account with the creditor and agrees to pay a statement submitted by the creditor. Agreement as to the amount and a promise to pay are essential requisites. *Lawson v. Dixie Feed &c. Co.,* 112 Ga. App. 562 (145 SE2d 820) (1965). None of the cases relied upon by the Fowlers involve the debtor's tendering a check to the creditor containing an amount purporting to establish the balance which would be due when the contract was completed; there is no indication on the check in question that the Fowlers were promising payment of $9,299.67; and there was no evidence of consent by Gorrell to the creation of an account stated.

2. (a) The Fowlers complain of the trial court's refusal to give to the jury their requested charges 6 and 7. Request to charge No. 6 was as follows: "I charge you that where a debtor remits to a creditor a sum of money and

places on the check evidencing such remittance a figure showing what the unpaid balance of the account between them actually amounts to, and the creditor accepts such check upon the condition stated thereon as to the balance due, and accepts or retains the money, an accord and satisfaction results to the the extent of the amount of such payment, and the balance of the unpaid account becomes an account stated as to the balance owing thereon and shown on the face of such check. See: *Thompson v. Hecht,* 110 Ga. App. 505, 506 [139 SE2d 126] (1964) and the cases cited therein."

Request to charge No. 7, which is quite lengthy, is entirely concerned with the principles of account stated. No. 6 is not a correct statement of the rule enunciated in *Thompson v. Hecht,* 110 Ga. App. 505, supra, in that it attempts to engraft the theory of account stated to the accord and satisfaction doctrine.[1] We have concluded that the evidence did not support a defense of account stated and therefore neither request was authorized. It is well established that " 'A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper.' [Cits.]" *I. B. E. W. v. Briscoe,* 143 Ga. App. 417, 427 (5) (239 SE2d 38) (1977); *C & S Bank v. Bailey,* 144 Ga. App. 550, 552 (2) (241 SE2d 443) (1978); *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811) (1976); and *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301, 302 (190 SE2d 898) (1972).

(b) However, a review of the charge given in its entirety reveals that instructions were not given as to the law of accord and satisfaction, which was the Fowlers' primary defense. The only mention pertinent thereto was as follows: "The defendants further say and aver in their answer—in the counterclaim, that the plaintiff had been paid in full by them for the amount of work he had performed, and materials furnished under the contract, and that they do not owe the plaintiff the amount sued for,

---

[1]Compare Pattern Jury Instructions—Civil, Superior Court Judges of Georgia, § III-4 at p. 27.

nor any other amount..." Although Fowler objected to the failure to give request to charge 6, no objection was made to the charge as given or the failure to instruct on the law of accord and satisfaction.

"A party in a civil case cannot complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict. Code Ann. § 70-207(a). The exception to the rule found in Code Ann. § 70-207(c) (harmful as a matter of law) is inapplicable 'unless it appears that the error contended is "blatantly apparent and prejudicial" (*Hollywood Baptist Church v. State Highway Dept.,* 114 Ga. App. 98, 99 (3) (150 SE2d 271) (1966), and that a "gross miscarriage of justice attributable to it is about to result." *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6b) (149 SE2d 383) (1966).' *Metropolitan Transit System v. Barnette,* 115 Ga. App. 17 (153 SE2d 656) (1967)." *Sullens v. Sullens,* 236 Ga. 645, 646 (224 SE2d 921) (1976).

Failure to charge on any legal theory of recovery is harmful as a matter of law. " 'From an early date the Supreme Court has uniformly held that the law of the case must be given the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside.' [Cits.]" *King v. Luck Illustrating Co.,* 21 Ga. App. 698, 699 (94 SE 890) (1918); *Hager v. O'Neal,* 147 Ga. App. 100 (1978). "It is the duty of the court to charge the jury on the law 'as to every controlling, material, substantial and vital issue in the case.' [Cits.] 'Where it fails to give . . . the benefit of a theory of the defense which is sustained by the evidence ... a new trial must be granted. [Cits.]' *Lincoln Life Ins. Co. v. Anderson,* 109 Ga. App. 238, 240 (136 SE2d 1)." *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362, 364 (6) (173 SE2d 741) (1970). See also *Am. Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122, 126 (4) (135 SE2d 442) (1964). For this reason denial of appellants' motion for new trial was erroneous.

3. Since the case must be remanded for a new trial it is unnecessary to consider remaining enumerations of error as to the amount of damages awarded.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

*Deen, P. J., McMurray and Banke, JJ., concur in the judgment only. Bell, C. J., Quillian, P. J., and Shulman, J., dissent.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978 —

*Frank M. Gleason, James A. Secord,* for appellants.
*Cotton, Katz, White & Palmer, J. Timothy White, J. Michael Lamberth,* for appellee.

McMURRAY, Judge, concurring in judgment only.

I concur in the judgment only, but not in all that is said in the opinion.

Here the appellants did request a charge on accord and satisfaction in their voluminous written request to charge No. 7. The majority has cited an old rule that a written request to charge itself must be correct, legal, apt and even perfect, that is, precisely adjusted to some principle involved in the case. It then contends that if any portion of the request is inapt or incorrect denial of the request is proper. It is true in the case sub judice that the appellants had a written request to charge containing some six paragraphs and some of this written request was argumentative and the appellants should have divided this request into several in order for the court to fully understand and consider what this request was all about.

However, I am of the opinion that the authority for the rule cited by the majority is a carry over of old Code § 70-207, wherein the court decisions thereunder required that a written request to charge be ever perfect.

But this Code section was repealed by the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31, 38; since amended, 1966, pp. 493, 498; 1968, pp. 1072, 1078). Section 17 of that Act (shown by the publishers of the annotated Code as Code Ann. § 70-207; supra), created an entirely different statute as to written requests, and is not an amendment of Code § 70-207. The cases cited are based on old Code § 70-207, or either they misconstrue the new law as an amendment of that section.

I, therefore, am of the opinion that even though the

written request was voluminous, some of which should not have been charged, nevertheless the law of accord and satisfaction should have been given which was contained in the voluminous request by the appellants. I agree with the majority in reversing the judgment.

Deen, P. J., and Banke, J., join in this concurrence in the judgment only.

QUILLIAN, Presiding Judge, dissenting.

I agree with the opinion that request to charge 6 was not authorized and the trial judge did not err in failing to give such charge. However, I cannot agree that it was error to fail to charge the law of accord and satisfaction. The record reveals that the appellant objected to the failure to give request to charge 6, but no objection was made with regard to the charge as given or the failure to charge the law of accord and satisfaction. Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; as amended through Ga. L. 1968, pp. 1072, 1078) provides: "No party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Shulman, J., joins in this dissent.