### 60747. BATSON-COOK COMPANY et al. v. BURLINGTON-NORTHERN, INC.

McMURRAY, Presiding Judge.

Batson-Cook Company was the general contractor in 1976, in the development of a project for the construction of a recreational community center building for a new town development called Shenandoah in Coweta County, Georgia. This building was designed so as to require exposed beam roof trusses of laminated timbers of considerable length.

In May, 1976, Batson-Cook entered into an agreement with Continental Forest Products, Inc., a lumber wholesaler, for the purchase from it of a shipment of these special roof trusses for erection into the construction project. Continental Forest Products, Inc., then sub-contracted with Woodlam, Inc., a fabricator in Tacoma, Washington, for the manufacture of the laminated wooden trusses.

In July, 1976, Burlington-Northern, Inc., a railroad, took delivery of the roof trusses at the factory of Woodlam, Inc., in Tacoma, Washington, to begin transport by the railroad to Newnan, Georgia. The contract of carriage (bill of lading) was between Woodlam, Inc., and the railroad, with Continental Forest named as consignee. However, the bill of lading is not a part of the record.

While in transit, the trusses were somehow shattered or otherwise damaged upon impact when they fell off the platform of the railroad's flat car. These trusses were rejected and thus not delivered.

In December, 1976, Burlington-Northern, Inc. delivered a check in the sum of $54,000 to Continental Forest Products, Inc., as the replacement cost of the destroyed trusses. In April, 1977, Burlington-Northern, Inc., delivered an additional check in the sum of $3,764.64 as reimbursement for the freight overcharges collected on the replacement shipment of trusses to the Georgia destination. It also paid Continental Forest $826 as reimbursement for charges incurred by Continental's Georgia representative in flying to the accident site to inspect the damaged goods. Continental received and cashed all three of these checks or drafts from Burlington-Northern. The railroad contends that the checks contained the language: "Sum being in full settlement of claim for loss or damage as acknowledged by the acceptance and endorsement of this draft." However, none of

these checks are found in the record.

Thereafter the railroad refused to take further action as to any other claims by Continental Forest and Batson-Cook. These two companies, Batson-Cook Company and Continental Forest Products, Inc., then filed suit against Burlington-Northern, Inc., seeking delay damages which they contend they suffered because of the failure of the railroad to deliver the first shipment of trusses as originally contracted. Plaintiff Batson-Cook sought the sum of $43,640.50 in satisfaction of its claim plus interest. Plaintiff Continental Forest sought the sum of $30,114.29 in satisfaction of its claim plus interest. Count 1 of the suit was based upon negligence in the management, handling and transportation of the shipment as the direct and proximate cause of the damages. Count 2 was based upon breach of contract of carriage because of defendant's fault in failing to safely deliver the cargo in a reasonable length of time.

The defendant answered, denying the claims, and by affirmative defenses contended the relief sought by the plaintiffs is not available because of the terms of the bill of lading, accord and satisfaction of the indebtedness claimed, and release by the plaintiffs in the cashing of the checks with reference to the payments made; the failure of the plaintiffs to assert the damages now claimed within the statute of limitation for filing said claims as adopted by the defendant in its tariff in accordance with federal law. It also alleges that the damages and injuries were due solely to and proximately caused by the negligence of the shipper in failing to exercise ordinary care in loading, blocking and bracing the shipment of goods in question; and the relief sought is not available to the plaintiffs because they were not parties to the contract of carriage, damages were not contemplated by the parties at the time of contracting, no breach of duty owed by defendant to the plaintiffs, and the damages sought by the plaintiffs exceed the amount to which a proper party would be entitled to recover as damages, same having been limited by the provisions of the bill of lading issued to the shipper by the defendant.

After discovery the defendant moved for summary judgment. A hearing was held thereon, and defendant's motion was granted with judgment entered in behalf of defendant against the plaintiffs. Plaintiffs appeal. *Held:*

1. Our first consideration of this case is as to whether or not the cashing of certain checks or drafts for payment of replacement cost of the destroyed trusses, reimbursement for freight overcharges, and a travel charge to the site of the damaged goods amounted to an accord and satisfaction. It is evident that various exhibits were to be attached to the depositions of various persons deposed with reference to these drafts or checks which were apparently received, cashed, and

passed "through the bank," as one of the employees of Continental Forest Products deposed that he was sure that Continental Forest Products received the funds by testifying "I'm sure we did, yes," and identified the checks. However, the checks or drafts are not in the record as exhibits attached to the depositions or found anywhere else in the record. The basis for the claim of accord and satisfaction is the information contained on these documents and as argued by defendant's counsel "these drafts were received, accepted, endorsed and cashed by Continental Forest Products, Inc., on behalf of both plaintiffs." Unfortunately for the movant, the absence of these documents from the record fails to establish an accord and satisfaction within the meaning of *Mullinax v. Shaw,* 143 Ga. App. 657, 659-660 (1) (239 SE2d 547), citing *Holton Dodge v. Baird,* 118 Ga. App. 316, 317 (1) (2) (163 SE2d 346). Accordingly, we are unable to consider further the issue of accord and satisfaction in view of the absence of this evidence.

The evidence does show that three checks or drafts were received and apparently cashed, in payment for certain items of the plaintiffs' claims, but we cannot determine if there has been a contract and a meeting of the minds with reference thereto. See in this connection, *Pa. Threshermen &c. Ins. Co. v. Hill,* 113 Ga. App. 283, 293 (148 SE2d 83); *State Farm Fire & Cas. Co. v. Fordham,* 148 Ga. App. 48, 52 (2) (250 SE2d 843); *Clark Equip. Credit Corp. v. Refrigerated Transp. Co.,* 148 Ga. App. 405, 407 (251 SE2d 321). As the evidence is insufficient to establish as a matter of law the defense of accord and satisfaction, an affirmative defense of the defendant, the trial court was without authority to grant summary judgment based upon the defense of accord and satisfaction, even though money was demanded and received in certain amounts. See *Huger v. Cunningham,* 126 Ga. 684, 690 (4) (56 SE 64); *Oglethorpe Park, Inc. v. Mayor &c. of Savannah,* 101 Ga. App. 295 (2) 299 (113 SE2d 645); *Pierson v. Herrington,* 138 Ga. App. 463 (2) (226 SE2d 299).

2. The defendant as movant next contends that the claims were not asserted by the plaintiffs within 9 months of the date the trusses were damaged, an alleged condition precedent required by the Interstate Commerce Act, 49 USCA § 20 (11). Although the bill of lading is shown by the testimony to be between Woodlam, Inc., and the railroad, with the plaintiff, Continental Forest, as consignee, neither the bill of lading nor the claim is found in the record so as to allow us to consider whether or not plaintiffs' claims are barred or whether or not same were in some way waived under the circumstances of this case. There was some testimony with reference to the location of this bill of lading and as to who is the holder thereof. Again the parties hereto refer to a certain exhibit of the depositions as

to a contention that a written claim was not given the railroad within 9 months of the date of the incident in which the damages occurred. The evidence fails to establish an uncontroverted fact that the alleged condition precedent (filing of the claim within 9 months) would bar this action, if, in fact, the correspondence (which we could not and have not examined) was in substance the making of a claim within the meaning of a contractual stipulation.

3. The evidence submitted by depositions is in conflict as to whether or not the railroad was aware that time was of the essence, the shipment was to be expedited and handled with care, and involved consideration as to the existence and extent of the defendant's agent's authority to act in such cases. Generally, such is for the trier of fact. See *Sheffield v. Lewis,* 151 Ga. App. 801, 802 (3) (261 SE2d 726) reversed on another ground, s.c., 246 Ga. 19 (268 SE2d 615); *School Boy Sportwear Corp. v. Cornelia Garment Co.,* 106 Ga. App. 99, 100 (1) (126 SE2d 248). Also the issue as to whether the damages were too remote for recovery is not demanded by the evidence here. See *Carr & Co. v. Sou. R. Co.,* 12 Ga. App. 830 (3), 836 (79 SE 41).

4. Inasmuch as all pleadings will be construed more favorably to the party opposing the motion and the inferences from the evidence interpreted more favorably toward making and retaining a genuine issue of material fact, the trial court erred in granting summary judgment in this case. See *Bagley v. Firestone Tire & Rubber Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); *Nat. Life Assur. Co. v. Massey-Ferguson Credit Corp.,* 136 Ga. App. 311, 316 (220 SE2d 793).

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 8, 1980 — DECIDED DECEMBER 2, 1980 — REHEARING DENIED DECEMBER 19, 1980.

*William E. Anderson,* for appellants.
*J. Allen Maines,* for appellee.