27575. TIFT *et al. v.* BANK OF TIFTON, executor, *et al.*

DECIDED SEPTEMBER 11, 1939.

*Steve F. Mitchell,* for plaintiffs in error.

*John G. Fulwood, J. P. Knight, C. A. Christian,* contra.

FELTON, J. The only question involved in this case is whether, in an action to enforce a judgment, the provision of the Code, § 3-805, that if the defendant, in any of the cases therein named, shall remove from this State, the time of his absence from the State and until he returns to reside shall not be counted or estimated in his favor, refers to the time within which a judgment becomes dormant if it is not kept alive in any of the ways provided by law. This section has been in every Code since the Code of 1863, where it was § 2870. In the Code of 1868 it was § 2878. In the Code of 1873 it was § 2929. In the Code of 1882 it was § 2929. In the Code of 1895 it was § 3783, In the Code of 1910 it was § 4378. In the Code of 1933 it is § 3-805. We are of the opinion that this section is ambiguous in that it can not be ascertained with certainty what is meant by the words "in any of the cases herein named." It is uncertain whether the article of the Code is referred to, the chapter, the paragraph, or the whole Code itself; and we think this uncertainty calls for application of the rule that where the section is ambiguous, and is of statutory origin, the statute will have to be referred to in order that the true meaning of the section may be ascertained. At the end of this section we find that it was codified from the acts of 1805, 1806, 1817, and 1839. We think also that it was codified from the act of 1855 (Ga. L. 1855-56, p. 235, sec. 23). Section 3 of the act of 1805 (Ga. L. 1805, pp. 39, 40) provides: "When any person or persons shall remove his property without the limits of this State, or absconds or conceals himself so that his creditor can not commence an action, that the person so removing his property, or absconding himself, shall not be entitled to the benefit of this act, but shall be answerable for any just demand against him, her, or them." Section 2 of the act of 1806 (Ga. L. 1806, pp. 70, 71) provides: "That if any person or persons, that is or shall be entitled to any such action of trespass, detinue, action of trover, replevin, actions of account, actions of debt, actions of trespass for assault, menace, battery, wounding, or imprisonment, actions on the case for words, be or shall be at the time of any such cause of action, given or

occurred, fallen or come within the age of 21 years, feme covert, non compos mentis, imprisoned, or where the defendant shall remove out of the jurisdictional limits of this State, that then such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as before is limited, after their coming to, or being of full age, discovert, of sane memory, at large, or the return of the defendant into the same, as by other persons having no such impediment should be done." Section 2 of the act of 1817 (Ga. L. 1817, pp. 72, 73) provides that "no proviso or part of the above-recited act, or any other part or parts of any statute of limitations, which are or heretofore have been of force in this State, shall be so construed as to grant any privilege, right or exemption, to any person or persons, who may reside in either of the United States or the territories thereof, or beyond seas, or elsewhere, other than those enjoyed by the citizens resident within the limits of this State." Section 2 of the act of 1839 (Ga. L. 1839, p. 147) provides: "That in all cases where any person or persons shall become surety on any bond or bonds or other instruments under their hands, the act of limitation shall not operate in any case where the person or persons shall abscond, go to parts unknown, or remove without the limits of this State." Section 23 of the act of 1855 (Ga. L. 1855-1856, pp. 233, 235) provides: "That when any person against whom a right to sue exists shall remove from this State, the times mentioned in this statute in which suits are to be brought shall cease to be computed in his favor, from the time of such removal, and so continue until he shall return and fix his residence in this State."

Thus we see, from every act of the legislature referring to this question, the specific provision is that the time of residence without the State shall not operate in favor of the defendant against whom a cause of action or right to sue exists. In not one of the acts is a judgment and a right to enforce the same referred to. So we conclude that the meaning of the Code section is that it refers to the cases mentioned in the various acts which are codified therein, and does not refer to cases mentioned in the section, or chapter, or even in the Code itself. The reason why the law provides that the time a defendant is absent from the State shall not be computed in his favor is that while he is a non-resident of the State he can not be sued in the courts of this State. And if the time of his

absence from the State were permitted to be computed in his favor, any defendant could remove beyond the limits of this State and thereby defeat valid actions against him. However, there is no reason why this rule should apply to a judgment, for the reason that the absence of a defendant in fi. fa. from the State does not prevent the plaintiff in fi. fa., or the transferee, from keeping the judgment in life in the way provided by law, nor does it prevent him from reviving the execution by scire facias by publication. Since, then, there is no valid reason for such a rule and provision, we shall not construe the Code as applying the rule. The Code, § 110-1001, provides how a dormant judgment may be kept in life, and (§ 110-1007) how a judgment may be revived against non-residents. The judgment in the instant case was dormant if the time in which the defendant in execution was without the State is computed. It was stated in *Williams* v. *Merritt,* 109 *Ga.* 213, 215 (34 S. E. 312) : "We have never heard the issuing of a fi. fa. upon a judgment, the recording of the fi. fa. upon the execution docket, the act of the proper officer in making an official entry upon it, nor all these things combined, called 'bringing an action.' These things follow and result from an action previously brought, in which a judgment has been obtained. While, in a general sense, perhaps proceedings after judgment, for the purpose of enforcing it, or preserving its lien, may be considered as a continuance of an action already brought, they can not be considered as the bringing of an action." It follows that if the Code section refers only to the bringing of actions, it does not refer to a judgment or any steps to keep it in life, except possibly (and we do not decide this point) the right to revive by scire facias. This right to revive is to be distinguished from the right to keep the lien of the judgment in life. The former is a right of action; the latter is not. The law gives a right of action upon a dormant judgment. The court did not err in directing the verdict to the effect that the judgment was dormant, and therefore unenforceable.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*