28144. CRAWFORD *v.* BOYD.

DECIDED MAY 1, 1940. REHEARING DENIED JULY 20, 1940.

J. J. Reese, Willis Smith, for plaintiff in error.
Leon Hood, contra.

886

GUERRY, J. The plaintiff obtained a fi. fa. in a justice's court in 1913, and had the same entered upon the general execution docket. A levy was made and entered thereon in 1919, but was dismissed when a claim to the property levied on was interposed. Nothing further was done until 1933, when another levy was made and afterwards dismissed because of some defect, and the execution was again levied in 1938. An affidavit of illegality was filed, in which it was contended that such fi. fa. was void on its face. There was no nulla bona entry on the fi. fa., nor was there any further record on the general execution docket. The plaintiff in fi. fa. (defendant in error) contends that on the trial it was shown that the defendant in fi. fa. left the State of Georgia in 1923, and has not since that time lived here, and is not now living here; and that the Code, § 3-805, which provides that "If the defendant, in any of the cases herein named, shall remove from this State, the time of his absence from the State, and until he returns to reside, shall not be counted or estimated in his favor," prevents his judgment and execution from becoming dormant or void. It is clear that under the Code, § 110-1001, the judgment was dormant and could not be revived, because more than ten years elapsed before any public effort was made to enforce the same. The tolling statute as above referred to relates to causes of action where personal service or its legal substitute is required in the bringing of an action. It has no reference to, nor does it repeal, the plain provisions of the statute in respect to dormant judgments. The defendant had already become bound by the judgment, and no further service on him was required. His property, if found, could have been levied on. If none could be found, a nulla bona entry as provided, made every seven years, would have kept the judgment in life, without respect to the residence of the defendant. A verdict in favor of the defendant was demanded. The court erred in allowing the fi. fa. to be introduced in evidence.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*