## 53289. STANLEY v. STANLEY.

SHULMAN, Judge.

The appellant Doris M. Stanley was divorced from her husband R. M. Stanley, Sr. in June of 1953. Under the final decree the appellee was to pay $75 per month per child until each of the two children reached age 18, or if they were still in school at that time, age 21. The eldest child turned 18 in 1957 and the youngest in 1961. The youngest child attended college until 1964. Except for a few instances in 1953, the appellee made no child support payments as required under the decree. The appellee has not been in the State of Georgia since 1955.

In September, 1975, the appellant brought proceedings in garnishment against the United States of America as garnishee to garnish the retirement pay of the appellee. After a hearing the trial court dismissed the garnishment upon the appellee's motion to dismiss grounded upon the running of the statute of limitation on the appellant's right to enforce the decree. This court reversed that order of dismissal because of lack of evidence to support it. 138 Ga. App. 560 (226 SE2d 800). After remand the appellant wife testified at the second hearing to the facts recited in the opening paragraph of this opinion. These facts were the critical evidence missing in the first hearing.

At the conclusion of the second hearing the trial court found those facts stated above and that the appellant did not keep the alimony judgments alive either by entry of nulla bona on the general execution docket or by petitioning by writ of scire facias to revive the judgments. The court found that the appellee's absence from the state neither tolled any statute of limitation nor prevented the judgments from becoming dormant, that the statute of limitation began running against the judgments for support of the youngest child in July of 1964 and was barred ten years thereafter, and that these judgments were therefore barred from enforcement. From this order and judgment dismissing the garnishment the appellant brings this appeal presenting three enumerations of error.

1. In *Bryant v. Bryant,* 232 Ga. 160, 163 (205 SE2d 223) our Supreme Court held that "alimony judgments, like all other judgments, are subject to and controlled by our dormancy and revival statutes and any applicable statute of limitation." In so holding the Supreme Court clarified what until then had been a very confusing area of law, and further ruled that "All prior decisions in conflict with this rule are hereby disapproved and will not be followed." Id. Applying *Bryant* and the dormancy and revival statutes (Code Ann. § 110-1001 et seq.), to the facts presented in this appeal we must affirm the order and judgment of the trial court.

Under the divorce decree and the facts as presented at the hearing below the last alimony installment was due no later than July of 1964. No action was taken by the appellant either by nulla bona or scire facias to keep the alimony judgment in life or to revive it within three years after it became dormant. More than eleven years had lapsed before any action was taken to enforce the judgments. The appellant certainly had legal avenues with which to keep these judgments in life. Code Ann. §§ 37-1211, 110-1001, 110-1002, 110-1003.

2. Appellant cites Code Ann. § 3-805 in support of her contention that the statute of limitation was tolled on the child support and alimony judgments because the appellee remained out of the state since 1955. This has no merit. In *Tift v. Bank of Tifton,* 60 Ga. App. 563 (4 SE2d

495) we held that Code Ann. § 3-805 "does not have reference to the period of time in which a judgment becomes dormant when not kept in life in any manner specified by law." The tolling of the statute as to causes of action does not apply to the enforcement of judgments, we held, "for the reason that the absence of a defendant in fi. fa. from the State does not prevent the plaintiff in fi. fa., or the transferee, from keeping the judgment in life in the way provided by law, nor does it prevent him from reviving the execution by scire facias by publication. Since, then, there is no valid reason for such a rule and provision, we shall not construe the Code as applying the rule. The Code, § 110-1001, provides how a dormant judgment may be kept in life, and (§ 110-1007) how a judgment may be revived against nonresidents. The judgment in the instant case was dormant if the time in which the defendant in execution was without the State is computed." 60 Ga. App. p. 66.

*Tift* was followed by our decision in *Crawford v. Boyd,* 62 Ga. App. 885, 886 (10 SE2d 144), another case where the defendant in fi. fa. had been absent from the state, in which we held that "The tolling statute . . . [Code Ann. § 3-805] relates to causes of action where personal service or its legal substitute is required in the bringing of an action. It has no reference to, nor does it repeal, the plain provisions of the statute [Code Ann. § 110-1001] in respect to dormant judgments."

3. The appellant finally contends that until the passage of 42 USCA § 659 in 1975 which provides for the garnishment of the United States of America for child support and alimony payments that she had no remedy and that therefore any statute of limitation was tolled. We do not agree. The absence of a federal statute providing appellant a specific remedy against appellee cannot logically act to toll the running of state statutes of limitation or dormancy and revival. She had open to her avenues of maintaining in life, or reviving, her judgments until such time as they could be enforced. Her remedy was to follow the clear language of Code Ch. 110-10 which she declined to do.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 8, 1977 —
REHEARING DENIED FEBRUARY 25, 1977 —

*Araguel & Sanders, Jerry D. Sanders,* for appellant.
*Grogan, Jones, Layfield & Swearingen, William C. Rumer,* for appellee.