## 32170. WOOD v. WOOD.

HALL, Justice.

Appellant husband appeals a ruling of Fulton Superior Court finding him in wilful contempt for nonpayment of a sizeable portion of his alimony obligation to his former wife, appellee. The total judgment against appellant was $24,738.37, some of which has been owed for 10 years. The present proceedings were begun with appellee's third application for contempt citation. A previous decision of this court ruled that appellant may not modify his alimony obligation. *Wood v. Wood,* 237 Ga. 335 (227 SE2d 375) (1976).

1, 2. The settlement agreement language referred to in Enumerations 1 and 2 was not ambiguous, and therefore the trial court did not err in rejecting offers of parol evidence concerning a claimed ambiguity.

3. Appellee was not erroneously allowed to "re-litigate" a $130 per month claim. The rulings in two prior actions in which she sought to raise the claim passed over it without prejudice and no judgment on this issue has ever been entered.

4. Appellant contends that an accord and satisfaction was reached between the parties in 1966 that the disputed sum of $130 per month would not be paid. The burden is upon him to establish the existence of an accord and satisfaction (*Searcy v. Godwin,* 129 Ga. App. 827, 830 (201 SE2d 670) (1973)), which involves, among other things, an express agreement or some new consideration to wife. See Code Ann. §§ 20-1201, 20-1203. The evidence is inadequate to show an accord and satisfaction; it shows only that for 10 years he successfully frustrated her efforts to collect this money.

5. Upon similar reasoning, there is no merit to appellant's claim that laches bars her assertion of the $130 per month claim.

6. With respect to the appellant's claim that installments of alimony due more than seven years prior to the institution of this contempt action are uncollectible under the dormancy statute (Code Ann. § 110-1001 et seq.), as construed in *Bryant v. Bryant,* 232 Ga. 160, 163 (205 SE2d 223) (1974), we note initially that he raised no affirmative defense based upon the statute of limitation and that defense has therefore been waived (Code Ann. § 81A-108 (c)). The arithmetic of the situation shows that for simplicity the trial court computed arrearages going back 10 years; however payments appellant made during the 10 years following the divorce were more than adequate to cover the amount of any arrearages dating from over seven years in the past. Appellee has the right to consider those payments as having been applied to the oldest amounts owing. Code Ann. § 20-1006. It follows that no amount currently owing and unpaid is more than seven years old and no dormancy issue is presented.

7, 8. Appellant alleges that he is unable to pay, and

thus there is no element of wilfulness which would justify a finding of contempt. The trial judge's finding of wilfulness is tested on review here by the "any evidence" standard. *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976). It was appellee's contention that following the divorce he possessed a sizeable estate, but he has systematically given virtually everything to his new wife to defeat the alimony claim. After hearing evidence the trial judge stated as a tentative finding of fact that "It is my finding, frankly, that Mr. Wood has been divesting himself of assets so as to avoid the payment of his alimony and has done so regularly since 1970." There is evidence supporting this determination, and accordingly the enumeration is without merit. This also is sufficient to support the trial court's award of attorney fees for appellee. No claim is made that the amount was unreasonable.

9-12. The remaining enumerations of error are without merit and require no discussion.

The trial court did not err in finding appellant in wilful contempt of court, and the judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1977 — DECIDED
MAY 25, 1977.

*J. Stephen Clifford,* for appellant.
*Camp, Haddon, King & Jackson, Benjamin J. Camp,* for appellee.