## 32652. ZERBLIS v. ZERBLIS.

HALL, Justice.

Appellant was held in contempt for failure to pay some of the child support payments which had come due in the eleven years since his divorce. All of the past due installment payments came due in the years prior to 1972; since then appellant has made all periodic payments, paid at least some medical bills, and given appellee $3,000

under an agreement which was intended to settle this dispute, but which was declared void by the trial court on appellant's motion. Appellant claimed that these payments should be credited to the most recently due support installments and medical bills. Using this method of crediting payments, it is claimed that appellant has paid all sums which came due during the seven years preceding the commencement of this action, and that Code Ann. § 110-1001 bars this adjudication of contempt since the past due bills are dormant.

Appellant urged the trial court to apply the holdings in *Bryant v. Bryant,* 232 Ga. 160 (205 SE2d 223) (1974), and *Stanley v. Stanley,* 141 Ga. App. 411 (233 SE2d 454) (1977), to this contempt action, although neither dealt with enforcement of a judgment by contempt. The trial court declined to follow these cases, and applied the payments to the amounts due in the order in which they came due, which left appellant in arrears as to immediately past due sums.

The question is whether our holding in *Bryant* applies to enforcement of judgments in contempt proceedings. In *Bryant* we held: "We conclude that alimony judgments, like all other judgments, are subject to and controlled by our dormancy and revival statutes and any applicable statute of limitation. . . . [W]ith respect to installment-payment alimony judgments, installments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and installments that are dormant, having become due seven to ten years prior to the filing of a revival action, are subject to being revived through the applicable statutory revival procedure.

All prior decisions in conflict with this rule are hereby disapproved and will not be followed." 232 Ga. at 163.

Appellee urges us to distinguish *Bryant* as dealing only with execution of a judgment, rather than contempt. But the language of the statute does not permit a distinction between enforcement by execution and enforcement by contempt: "A judgment shall become dormant and shall not be enforced. . ." Code Ann. § 110-1001. Nor is there any discernible policy for a distinction which allows a husband

to be jailed for contempt of an order on which execution is barred by the dormancy statute. On the contrary, the use of contempt to enforce an alimony judgment should be at least as restrained as the use of execution, and this is what the statute provides.

The holdings to the contrary in *Cleveland v. Cleveland,* 197 Ga. 746 (30 SE2d 605) (1944); *Morrow v. Wainwright,* 177 Ga. 100 (169 SE 310) (1933); *Fischer v. Fischer,* 164 Ga. 81 (137 SE 821) (1927); and *Albert v. Albert,* 86 Ga. App. 560 (71 SE2d 904) (1952), were overruled in *Bryant.* But these cases show that before *Bryant* this court did not distinguish between contempt actions *(Fischer)* and executions *(Morrow)* in determining whether the dormancy statute applies. Rather, the same rule was applied to alimony and child support payments regardless of the form of action used to enforce the judgment. See also *Cleveland,* supra. In *Bryant* we established a new rule of equal generality.

Appellant contends that the application of Code Ann. § 110-1001 bars a finding that he is in contempt. This depends on the resolution of factual issues. The judgment is vacated and remanded to the trial court for further proceedings on the issue of wilful contempt not inconsistent with this opinion.

*Judgment vacated and remanded. All the Justices concur.*

SUBMITTED AUGUST 12, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Lefco & Zuckerman, Stanley M. Lefco,* for appellant. *Wayne A. Coe,* for appellee.