### 63836. TURNER v. WOOD.

CARLEY, Judge.

This is the second appearance of this garnishment case before us. In *Turner v. Wood,* 159 Ga. App. 850 (285 SE2d 589) (1981), appellant-defendant's appeal was dismissed as premature because there was no entry of a final order of the trial court disbursing the funds answered into court by the garnishee. The instant appeal is

from the final order of disbursal, and appellant asserts as error the denial of his traverse of appellee's garnishment affidavit.

1. Appellee's motion to dismiss the instant appeal is denied. *Herring v. Herring,* 138 Ga. App. 145, 146 (1) (225 SE2d 697) (1976).

2. Appellee's garnishment affidavit was filed on January 30, 1981, and alleged that appellant was $9,706.32 in arrears on a child support judgment. In related enumerations of error, appellant asserts, in essence, that the trial court erred in failing to find that "the amount claimed due" by appellee on the child support judgment was excessive. Code Ann. § 46-403 (a).

It is urged that the trial court erred in finding that the garnishment affidavit, insofar as it alleged arrearages in instalment child support payments for 1971, 1972, and 1973, did not seek enforcement of a "dormant" judgment. "[W]ith respect to instal-ment-payment alimony judgments, instalments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and instalments that are dormant, having become due seven to ten years prior to the filing of a revival action, are subject to being revived through the applicable statutory revival procedure." *Bryant v. Bryant,* 232 Ga. 160, 163 (205 SE2d 223) (1974).

It appears that the basis for the trial court's finding that the instalments for 1971, 1972, and 1973 were not "dormant" was the fact that appellee had instituted two garnishment proceedings in 1975 to collect instalments then owing under the judgment and that this "constituted an active and bona fide effort on the part of [appellee] to enforce her judgment so as to prevent the dormancy of the judgment upon which said garnishments were issued." The trial court made no finding that "written notice" of appellee's 1975 "bona fide efforts" to enforce the judgment had been filed with the clerk of the court and had been entered by the clerk on the general execution docket. Apparently, the trial court was of the opinion that such entry on the general execution docket was unnecessary to prevent dormancy because, in his conclusion of law to the effect that institution of garnishment proceedings in 1975 commenced the running of a new seven-year period within which the underlying judgment would not become dormant, the trial court quoted the following language from *Hollis v. Lamb,* 114 Ga. 740, 745-746 (40 SE 751) (1901): "[T]he dormancy of a judgment is prevented either by proper entries every seven years, duly recorded on the execution docket, or by a bona fide public effort on the part of the plaintiff in fi. fa. to enforce his execution in the courts of the country, at such times and periods that seven years will not elapse between such attempts, or between such an attempt and a proper entry . . . [E]ither proper entries on the

execution duly entered on the execution docket, or bona fide attempts to enforce the same against the property of the defendant within the stated period, will be sufficient to prevent dormancy."

The trial court erred to the extent that *Hollis* served as the predicate for the conclusion that the "dormancy" of the 1971, 1972, and 1973 instalments was not an issue in the instant case. Ga. L. 1955, p. 417 has superseded the holding in *Hollis* that a mere bona fide public effort on the part of a judgment creditor to enforce his judgment in the courts without more will prevent the underlying judgment from becoming dormant. The 1955 statute amended Code Ann. § 110-1001 (3) so as to require not only that a bona fide public effort be made, but also that "due written notice of such effort, specifying the time of the institution of the suit or proceedings, the nature thereof, the names of the parties thereto and the name of the court in which it is pending, [be] filed by the plaintiff in execution or his attorney at law with the clerk and entered by said clerk on the general execution docket . . ." Ga. L. 1955, pp. 417, 418-419. Therefore, the trial court erroneously concluded that the mere institution of the 1975 garnishment proceedings, without the additional act of filing of notice thereof with the clerk and entry on the general execution docket, was sufficient to preclude a finding that the 1971, 1972, and 1973 instalments were "dormant."

However, any error in the underlying premise for the trial court's conclusion that the dormancy of the 1971, 1972, and 1973 instalments was not in issue does not require reversal of the instant case. This is true because, although the underlying premise may have been erroneous, the ultimate conclusion was not. "[P]ayments appellant made during the 10 years following the divorce were more than adequate to cover the amount of any arrearages dating from over seven years in the past. Appellee has the right to consider those payments as having been applied to the oldest amounts owing. Code Ann. § 20-1006. It follows that no amount currently owing and unpaid is more than seven years old and no dormancy issue is presented." *Wood v. Wood,* 239 Ga. 120, 121 (236 SE2d 68) (1977).

For the foregoing reasons, the trial court's ultimate conclusion that any arrearages on the 1971, 1972, and 1973 instalments were collectible and enforceable in the instant garnishment action was a correct one, although the premise for that conclusion was not. It follows that the trial court did not err in considering any arrearages on those instalments in the context of the instant garnishment action. "It is well-settled law that a correct judgment will be affirmed, although the judge may have based it on the wrong grounds or given the wrong reasons for it." *White v. State,* 71 Ga. App. 512, 513 (31 SE2d 78) (1944).

3. In support of the contention that the trial court erred in failing to find that the $9,706.32 in arrearages alleged in appellee's affidavit was excessive, appellant further asserts that, because of emancipation of the children and other circumstances, his yearly obligations on the judgment, the base figures from which the arrearages were determined, were not so great as that implicitly found by the trial court. See generally *Clark v. Clark,* 150 Ga. App. 602 (258 SE2d 282) (1979). The evidence concerning appellant's yearly obligations under the judgment, while somewhat confusing, was sufficient to authorize the trial court's findings. Compare *Thacker Const. Co. v. Williams,* 154 Ga. App. 670 (269 SE2d 519) (1980). The trial court did not err in failing to find that $9,706.32 in arrearages alleged in appellee's affidavit was excessive.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 22, 1982.

*William D. Smith,* for appellant.
*Paul C. Myers,* for appellee.