64088. WATKINS v. CITIZENS & SOUTHERN NATIONAL BANK.

CARLEY, Judge.

On September 17, 1981, appellee-plaintiff brought this action alleging that an unsatisfied money judgment rendered in its favor and against appellant on December 12, 1973, had become dormant. The relief sought was the revival of the judgment pursuant to Code Ann. §§ 110-1002 and 110-1003. Appellant's answer denied the material allegations of the complaint and asserted, as a defense, that the complaint failed to state a claim upon which relief could be granted. Subsequently, both parties moved for summary judgment. Appellant brings the instant appeal from the trial court's order granting summary judgment in favor of appellee.

1. In related enumerations of error, appellant asserts that the trial court erred in not dismissing appellee's complaint for failure to state a claim and in granting appellee's motion for summary judgment. Both enumerations are predicated upon the contention that, as a condition precedent to bringing this renewal action, appellee was required to record the original judgment on the general execution docket and to comply with the provisions of either Code Ann. §§ 110-1001 (2) or 110-1001 (3).

A judgment becomes effective when it is reduced to writing, signed by the judge, and entered by filing with the clerk. Code Ann. § 81A-158; *Maroska v. Williams,* 146 Ga. App. 130 (3) (245 SE2d 470) (1978). Entry of a judgment or any writ of fieri facias issued pursuant to any such judgment upon the general execution docket or other "applicable records" is simply the process of perfecting a lien against the real property of the defendant. Code Ann. §§ 110-515 and 39-701. The fact that appellee did not record its original judgment on the general execution docket "does not mean that the judgment does not exist." *National Bank v. Morris-Weathers Co.,* 248 Ga. 798, 800 (286 SE2d 17) (1982). Accordingly, an unrecorded judgment as well as a

recorded judgment may be renewed by an action or by scire facias within three years from the time it becomes dormant. Code Ann. § 110-1003.

Similarly, there is no requirement that, as a condition precedent to a renewal action under Code Ann. §§ 110-1002 and 110-1003, entries be made upon the general execution docket in accordance with subsections (2) or (3) of Code Ann. § 110-1001. Code Ann. § 110-1001 merely states what will be sufficient to prevent a judgment from becoming dormant. See generally *Hollis v. Lamb,* 114 Ga. 740 (40 SE 751) (1901). Except for determining whether or not a judgment has been dormant, the provisions of Code Ann. § 110-1001 are immaterial in an action for renewal of a dormant judgment.

The record in the instant case shows that a written judgment in favor of appellee and against appellant, signed by the Judge of the Civil Court of Richmond County, Georgia was entered by filing with the clerk of such court on December 12, 1973. At the earliest, this judgment became dormant in December of 1980. Thus, it is clear that appellee's complaint under Code Ann. §§ 110-1002 and 110-1003 was timely filed on September 18, 1981, within three years from the time the judgment became dormant. The trial court correctly granted summary judgment in favor of appellee.

2. Although we find no merit in any of appellant's enumerations of error, we cannot conclude that the appeal was totally frivolous or solely for purposes of delay. Accordingly, appellee's motion for the assessment of penalties under Code Ann. § 6-1801 is denied.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 13, 1982.

*John D. Watkins, Vernon J. Neely,* for appellant.
*Robert C. Hagler,* for appellee.