71854. MALLOY v. FIRST GEORGIA BANK.
(344 SE2d 679)

CARLEY, Judge.

On March 11, 1975, judgment was entered in the Civil Court of Fulton County in favor of appellee and against appellant in an action brought on a promissory note. It is undisputed that said judgment was not paid and it is further clear that, prior to the filing of the instant action, dormancy was not prevented by levy of execution or notice of bona fide public effort to enforce the execution as provided by OCGA § 9-12-60 (a). Accordingly, the judgment became dormant on March 11, 1982. Within three years from the date of dormancy, appellee instituted this proceeding pursuant to OCGA § 9-12-61 to revive the judgment. Appellant defended but, in so doing, admitted that the judgment was issued, that it was unpaid and that it had become dormant on the date alleged in the complaint. Appellant's sole defense to this proceeding is that appellee had not made a bona fide effort to collect the judgment and, therefore, does not have the right to revive judgment pursuant to OCGA § 9-12-61. There is no requirement in OCGA § 9-12-61 that any such action must be taken as a condition precedent to the filing of a proceeding to revive or renew a judgment. The only statutory reference concerning a bona fide public effort to enforce the judgment is contained in OCGA § 9-12-60 (a) (3). "Except for determining whether or not a judgment has been dormant, the provisions of [OCGA § 9-12-60] are immaterial in an action for renewal of a dormant judgment." *Watkins v. C & S Nat. Bank*, 163 Ga. App. 468 (294 SE2d 703) (1982). Indeed, if within the seven-year period of vitality of the judgment, appellee had made the bona fide effort to collect which appellee contends is necessary, such judgment would never have become dormant and there would have been no need to institute this proceeding to renew the judgment. Our review of the record revealing that there has been full compliance with

all requirements of OCGA § 9-12-61, we hold that the trial court did not err in granting summary judgment in favor of appellee, which had the effect of reviving the dormant judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 23, 1986.

*Janise L. Miller*, for appellant.
*Kathy L. Kushner, Peter R. Roberts*, for appellee.