## 44805. WANNAMAKER v. CARR.
### (362 SE2d 53)

CLARKE, Presiding Justice.

We granted appellant's application to appeal from the judgment of the trial court to address the following questions: 1) Is there a conflict between OCGA § 19-8-14 and the 1972 agreement between the parties; 2) does the adoption nullify that portion of the agreement that states that the appellant shall be responsible for college expenses?

Mr. Wannamaker and Mrs. Carr were divorced in 1972. The final judgment provided that Mr. Wannamaker was to pay child support of $30 per week for each of the three minor children until each child reached 21. In 1979 Mrs. Carr's present husband adopted the children. She filed a contempt action against Mr. Wannamaker, alleging arrearages in child support 1972 through 1979 and alleging arrearages for failure to pay college expenses. The court found that Mr. Wannamaker was obligated for child support arrearages until the time of the adoption and that he was obligated to pay for the college education expenses of the children even though they had been adopted. The court concluded that this was true because Mr. Wannamaker had assumed by contract an obligation which could not be imposed upon

him by law to pay college expenses for his children.

1. Mrs. Carr has filed a motion to dismiss the appeal because of Mr. Wannamaker's failure to file a notice of appeal within ten days after the application was granted as required by OCGA § 5-6-35 (g). However, he filed a notice of appeal after the application to appeal was filed but *before* the application was granted. To dismiss the appeal because the notice of appeal was not timely would not serve the spirit of the rule that the notice of appeal be filed within ten days. Although we have held that timely filing of the notice of appeal is necessary to confer appellate jurisdiction, *Hester v. State*, 242 Ga. 173 (249 SE2d 547) (1978), OCGA § 5-6-37 provides that approval of the court is not necessary to the filing of the notice of appeal. We have construed OCGA § 5-6-35 (g) and OCGA § 5-6-48 (b) (1) with OCGA § 5-6-37 and with the language of OCGA § 5-6-30 requiring a liberal interpretation of the article on appellate procedure so as to promote decisions on the merits of cases appealed and to prevent dismissal unless mandated by the article. We find that while a failure to file a notice of appeal within ten days after the grant of an application will subject an appellant to dismissal, the filing of a notice of appeal after the judgment complained of is entered but before the granting of the application to appeal does not constitute a failure to timely file. See *Gillen v. Bostick*, 234 Ga. 308 (215 SE2d 676) (1975); *Sharp v. State*, 183 Ga. App. 641 (360 SE2d 50) (1987) in which a direct appeal was not dismissed even though the notice of appeal was filed prior to entry of judgment. See also *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984). Accordingly, the motion to dismiss is denied.

2. Mr. Wannamaker contends that the court erred in finding him responsible for the child support arrearages incurred 1972 through 1979, prior to the adoption of the children by the step father. This obligation accrued before any change in the relationship between Mr. Wannamaker and the children. However, Mr. Wannamaker insists that the claim of Mrs. Carr has become dormant after seven years under OCGA § 9-12-60 and that she made no effort to revive the claim within the statutory period of three years as provided by OCGA § 9-12-61. In *Zerblis v. Zerblis*, 239 Ga. 715 (238 SE2d 381) (1977), we held that child support judgments and alimony judgments are subject to statutes regarding dormancy even though the enforcement of these judgments is by means of a contempt action rather than by means of execution of the judgments. In so holding we followed to its logical extension the holding of *Bryant v. Bryant*, 232 Ga. 160 (205 SE2d 223) (1974), that ". . . with respect to installment-payment alimony judgments, installments that became due within seven years preceding the issuance and recording of the execution are collectible and enforceable, and installments that are dormant, having become due seven to ten years prior to the filing of a revival action, are subject to

being revived through the applicable statutory revival procedure." *Bryant v. Bryant,* supra at 163. In the present case, the court granted Mrs. Carr's 1987 application for a writ of scire facias reviving the dormant 1972 judgment back ten years to 1977. Therefore, any child support arrearages which accrued between 1977 and 1979, the date of the adoption, are no longer dormant but have been revived. Such arrearages were not eradicated by the adoption of the children in 1979. *Sample v. Poteralski,* 169 Ga. App. 448 (313 SE2d 145) (1984). The court did not err in finding that Mr. Wannamaker was obligated for child support arrearages from April 16, 1977, to August 21, 1979.

3. The court correctly found that although a parent is not by law obligated to provide a college education, he may by contract incur such an obligation. The question is whether under OCGA § 19-8-14, which provides that following the adoption ". . . the adopted individual thereafter is a stranger to his former relatives for all purposes . . . ," the obligation survives the adoption.

The trial court looked to the contract between the parties and not to the decree of the divorce court to find a binding obligation to pay college expenses. The contract in question forms a part of the decree and the duties assumed under that contract flow from the parental status of the parties. The termination of that status and its privileges likewise terminate the obligations imposed. Of course, an adoption is the result of a judgment of a court. But it also has certain elements of contract involved since one party agrees to assume parental obligations and another party agrees either expressly or impliedly to surrender parental rights. When an adoption occurs, it effectively changes the status of the parties and, at the same time in cases such as this one, acts as a cancellation of the entire contract which was part of the divorce decree.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 24, 1987.

*B. J. Smith,* for appellant.
*Kathleen Kessler,* for appellee.