## A89A0635. KIGHT v. BEHRINGER.
### (383 SE2d 624)

BIRDSONG, Judge.

On September 23, 1987, Dale Behringer filed a complaint to revive and enforce six dormant judgments for back child support. The earliest date of dormancy of any judgment was alleged to be October 12, 1984, the others becoming dormant on December 8, 1984; April 13, 1985; August 18, 1985; February 16, 1986; and June 18, 1986. The judgments were made a part of the complaint.

Defendant Kight pro se answered with a general denial. The plaintiff's attorney then filed a motion for summary judgment, attaching her affidavit stating that to her knowledge defendant Kight was one and the same person against whom she had secured the judgments in superior court, and that he had refused to pay them and was presently indebted therefor in the total amount.

Defendant Kight replied to plaintiff's motion by letter filed in court, giving "the same . . . response as I did in my reply [formal answer] of October 6, 1987, concerning the same. . . . I am requesting that [this] action be drawn to a conclusion within a 10 day period, with judgment in favor of Defendant . . . [by] requesting all judgments to be satisfied in both Toombs and Emanuel County within the 10 day period. . . . If [the] judgments are not satisfied within the 10 day period, I am requesting a written reply as to why not. Sincerely, [Signature] Donald D. Kight." Kight lost by summary judgment to the plaintiff and now appeals. *Held*:

The plaintiff proved her dormant judgments in her complaint to revive them, and the defendant answered naught, except to deny. His answer did not refute the plaintiff's prima facie showing of indebtedness.

By further pleading, affidavit and argument, she prima facie proved her right to revive her dormant judgments pursuant to OCGA § 9-12-61. Defendant answered naught, except to demand the matter be drawn to a close and have the judgments against him marked "satisfied," or else know why. This matchless faith in his postural rectitude was unexplained. He gave no reason why the judgments formed no indebtedness; his general answer did not even admit they had become dormant in the first place, since he disavowed sufficient knowledge to give any answer thereto.

We would say clearly the plaintiff pierced the defendant's answer and prima facie established the absence of any issue of fact as to any defense. See *Maxwell v. Columbia Realty Venture*, 155 Ga. App. 289

(270 SE2d 704). It was then incumbent upon defendant to bring up all he had to show. He either had nothing to say or neglected to say what he had. No issue was raised as to why he did not owe the judgments, how they might have been paid, or why they should not have been revived. He produced no fact but his indignation, and thus no issue remained to be presented to a jury. See *Stephens County v. Gaines*, 128 Ga. App. 661 (197 SE2d 424).

After judgment was issued, he retained an attorney, who timely filed a notice of appeal from the grant of summary judgment, but then filed in the trial court a "Response to Plaintiff's Motion for Summary Judgment" which alleged (for "Reconsideration") some facts in melioration of the debt. In a very obfuscatory manner, he asserted he had "more than paid all sums owed for child support [viz., he paid $5,260 through the probation office, $7,000 was paid directly to plaintiff, and $12,910 was paid by Social Security]." Further, he asserts the judgments revived in this case were "merely fi. fa.'s" obtained pursuant to "Affidavit for Fi. Fa.," of which he did not have notice to appear and defend. We can make very little sense of all these new matters, except to note that an April 1977 "compromise settlement" somewhat dubiously relieved him only of any future penalty of *contempt* for any future arrearage.

None of this matters, for none of it was raised at the right time. The summary judgment, which issued against Kight for failing to propose a defense or raise any fact in issue, was the end of the matter. Even assuming the trial court had had any jurisdiction to do anything after notice of appeal was filed, there was nothing it could "reconsider." Appellant had to raise his best case before it was decided, for when the summary judgment issued, it was a verdict against him. See *Summer-Minter &c. v. Giordano*, 231 Ga. 601 (203 SE2d 173). After the summary judgment was granted, there was nothing to amend. Id.; see also *Ansley v. Atlanta Suburbia Estates*, 231 Ga. 640 (203 SE2d 861).

The summary judgment brought the matter to a conclusion, as appellant had demanded be done in his letter response to the plaintiff's motion. He cannot now complain to us that the trial court's judgment was wrong on grounds he later raised up some vague defense.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 21, 1989.

*David B. Pittman*, for appellant.

*M. Francis Stubbs*, for appellee.