A91A2020. BOWERS et al. v. JIM RAINWATER BUILDER & PROPERTIES, INC.
(416 SE2d 832)

COOPER, Judge.

Appellants appeal the trial court's grant of summary judgment to appellee in appellee's action to revive a dormant judgment.

In 1983, appellee filed a dispossessory action against appellants. On June 24, 1983, an order in the dispossessory action was issued, granting a writ of possession and a money judgment of $10,011.89 to appellee. The judgment became dormant, and in 1991 appellee filed a petition for writ of scire facias to revive dormant judgment pursuant to OCGA § 9-12-61. Appellants responded to the petition, raising two defenses, and appellee moved for summary judgment. The motion was granted, and this appeal followed. Appellants contend that the court erred in granting the motion in their sole enumeration of error.

Appellants' first defense to appellee's petition was that appellee

could not revive the judgment because appellee failed to record the judgment on the general execution docket and failed to make any efforts to collect the judgment. Neither action is a prerequisite to reviving a dormant judgment; thus, this defense fails. *Malloy v. First Ga. Bank*, 178 Ga. App. 797 (344 SE2d 679) (1986); *Watkins v. C & S Nat. Bank*, 163 Ga. App. 468 (1) (294 SE2d 703) (1982). Appellants next contend that the original judgment was invalid because it was for an amount greatly in excess of the amount asked for by appellee in its original dispossessory pleadings. "On the general principle of res judicata (which applies equally to proceedings by scire facias as to any other action or suit), and on the further ground that this method of reviving a judgment is merely a supplementary step in the original action, the [appellants are] absolutely precluded from going behind the judgment and offering in defense to the scire facias any matter which existed before the rendition of the original judgment and might have been presented in the former proceeding. In no case and under no circumstances can the merits of the original judgment be inquired into by the [appellants] on a writ to revive it. [Cits.] . . . The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. [Cits.] Such is the case here. The trial court did not err in granting summary judgment to [appellee]." *Mitchell v. Chastain Finance Co.*, 141 Ga. App. 512, 515-516 (3) (233 SE2d 829) (1977).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1992.

*Joseph J. Saia*, for appellants.
*Charles L. Jurjevich*, for appellee.