S94A1302. PARKER v. EASON.
(454 SE2d 460)

HUNSTEIN, Justice.

Karen Eason filed a citation for contempt in October 1993 seeking to recover from her former husband, Edward Parker, child support payments that had accrued since a March 1983 judgment. Parker

---

asserted the dormancy of that judgment in his answer. See OCGA § 9-12-60. The trial court held that Eason's contempt action constituted a revival action under OCGA § 9-12-61 and, based upon Eason's October 1984 general execution docket entry, awarded Eason the sums sought for the ten-year period preceding filing of the contempt action. We granted Parker's application for discretionary review on the issue whether the trial court's finding comports with our dormancy statutes, see OCGA § 9-12-60 et seq., and we reverse.

There is no question that child support judgments are subject to statutes regarding dormancy even though the enforcement of these judgments is by means of a contempt action. *Wannamaker v. Carr*, 257 Ga. 634 (2) (362 SE2d 53) (1987). OCGA § 9-12-61 provides

> [w]hen any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant.

Looking to the substance of Eason's pleading rather than solely its nomenclature, see generally *Martin v. Williams*, 263 Ga. 707 (1) (438 SE2d 353) (1994); OCGA § 9-11-8 (f), the record reveals that Eason sought only to have Parker held in contempt for failure to make the child support payments and did not include revival of the dormant judgment among the relief she sought. Compare *Wannamaker*, supra (contempt action and application for writ of scire facias); *Kight v. Behringer*, 192 Ga. App. 62 (383 SE2d 624) (1989) (complaint to revive and enforce dormant judgments for child support); see also *Watkins v. C & S Nat. Bank*, 163 Ga. App. 468 (1) (294 SE2d 703) (1982) (relief sought included revival). Accordingly, under the facts in this case, the trial court erred by finding that the filing of Eason's citation for contempt constituted an "action" under OCGA § 9-12-61 so as to revive the dormant judgment. See *Turner v. Wood*, 162 Ga. App. 674 (292 SE2d 558) (1982) (garnishment proceeding not an "action" under OCGA § 9-12-61). Accord *Zerblis v. Zerblis*, 239 Ga. 715 (238 SE2d 381) (1977).

As the trial court correctly noted, Eason has the right to consider those payments Parker has made during the ten years following the March 1983 judgment as having been applied to the oldest amounts owing. *Wood v. Wood*, 239 Ga. 120 (6) (236 SE2d 68) (1977). However, unlike the situation in *Wood*, it appears that there remain amounts currently owing and unpaid that are more than seven years old. Accordingly, the judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and remanded with direction. All the Jus-*

*tices concur, except Fletcher and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

I concur in the result of the majority opinion, but not in all that is said therein. The majority implies that it was possible for appellee-Wife to have included a claim for revival of the dormant judgment in her application for a contempt citation against appellant-Husband. In my opinion, this is erroneous.

"[T]he filing of a contempt action is not tantamount to filing a complaint. [Cits.]" *Baer v. Baer*, 263 Ga. 574, 575 (1) (436 SE2d 6) (1993). An application for a contempt citation is an ancillary motion in the divorce action itself. *Phillips v. Brown*, 263 Ga. 50, 51 (1) (426 SE2d 866) (1993). Since an application for a contempt citation is merely an ancillary motion in the divorce action and not a complaint whereby any new claim for relief is initiated, those provisions of the Civil Practice Act relating to the latter pleading would not be applicable. It follows that Wife could not rely upon OCGA § 9-11-18 as authority for including a claim for revival of the dormant judgment in her application or upon OCGA § 9-11-15 as authority for amending her application to add such a claim.

In order to revive the dormant judgment, Wife had only two options. She could have filed a separate timely revival action, which proceeding would be controlled by the Civil Practice Act. *Kight v. Behringer*, 192 Ga. App. 62 (383 SE2d 624) (1989); *Watkins v. C & S Nat. Bank*, 163 Ga. App. 468 (294 SE2d 703) (1982). In the alternative, she could have filed a separate timely application for a writ of scire facias, which proceeding would be controlled by OCGA § 9-12-62 et seq. *Wannamaker v. Carr*, 257 Ga. 634 (362 SE2d 53) (1987). Wife did neither and, in the context of the instant contempt proceeding, Husband was erroneously found to be in contempt for failing to make such payments under the divorce decree as Wife had allowed to become dormant. *Zerblis v. Zerblis*, 239 Ga. 715 (238 SE2d 381) (1977). Wife was entitled to enforcement of the divorce decree only to the extent of such unpaid payments as had become due within seven years of the filing of her application for a contempt citation. Accordingly, I concur in the judgment of reversal and would expressly direct that the trial court enter a new judgment which does not predicate Husband's contempt upon his failure to make payments which had become due more than seven years prior to the filing of Wife's application.

I am authorized to state that Justice Fletcher joins in this special concurrence.

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Cunningham & Mullinax, W. David Cunningham,* for appellant.
*Hatch, Johnson & Meaney, James A. Meaney III,* for appellee.