# Court of Appeals
# of the State of Georgia

ATLANTA,  October 07, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0068. DEQUINTAVIOUS RIVERS v. LOGAN L. MCCULLERS.**

In September 2019, Dequintavious Rivers sued Logan L. McCullers for damages allegedly arising from a motor vehicle collision. McCullers filed a motion to dismiss for lack of service and expiration of the statute of limitation. In August 2020, the trial court granted McCullers's motion and dismissed the complaint. Rivers filed a motion to vacate the dismissal order, which the trial court denied. Rivers then filed a notice of appeal to this Court. McCullers moved to dismiss the appeal, arguing that this Court lacked jurisdiction to entertain it because it was untimely, and the trial court granted that motion. Rivers then timely filed this discretionary application.

Except for cases listed in the discretionary appeal statute, OCGA § 5-6-35 (a), Georgia law permits a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" OCGA § 5-6-34 (a) (1). Here, the trial court's order dismissing Rivers's appeal was a final judgment, and no provision of OCGA § 5-6-35 (a) appears to apply. Thus, Rivers had a right of direct appeal from the order dismissing his appeal.[1]

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Rivers shall have ten days from the date of this

---

[1] We note that a trial court is not permitted "to dismiss [a] notice of appeal based on its own conclusion that the underlying decision or judgment was not appealable[.]" *Jones v. Peach Trader Inc.*, 302 Ga. 504, 507 (II) (807 SE2d 840) (2017). Rather, "Georgia law generally reserves to the appellate courts the authority to dismiss appeals. See OCGA § 5-6-48." Id. at 506.

order to file a notice of appeal with the trial court. If he has already filed a notice of appeal in the trial court, he need not file a second notice. See *Wannamaker v. Carr*, 257 Ga. 634, 635 (1) (362 SE2d 53) (1987). The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/07/2022_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk*.